UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

| | | |
|---|---|---|
| American Family Mutual Insurance Company, S.I., | ) ) ) | Case No. 3:18-CV-03006-RAL |
| Plaintiff, | ) ) | |
| vs. | ) ) ) | **DISCOVERY REPORT OF PARTIES' RULE 26(f) MEETING** |
| Titan Machinery Inc., | ) ) | |
| Defendant. | ) ) | |

**A.     Date and Place of Meeting and Identification of the Parties and their Attorneys**

1. The meeting was held telephonically on June 28, 2018.

2. The following attorneys were present at the meeting:

   Plaintiff:     American Family Mutual Insurance Company, S.I.

   Plaintiff's Counsel:   David Taylor
   Yost & Baill, LLP
   2050 U.S. Bank Plaza South
   220 South Sixth Street
   Minneapolis, MN 55402
   612.338.6000

   Defendant:     Titan Machinery Inc.

   Defendant's Counsel:  Matthew E. Naasz
   Gunderson, Palmer, Nelson & Ashmore, LLP
   506 Sixth Street
   PO Box 8045
   Rapid City, SD 57709-8045
   605.342.1078

3. Insurance Carriers

   Titan Machinery Inc.'s ("Titan") carrier is Zurich American Insurance Company. There is insurance available to cover the claim in sufficient limits.

   No claims which could involve liability insurance are being made against American Family Mutual Insurance Company, S.I. ("American Family")

**B.** **Description of the Case**

    4.    <u>Plaintiff American Family alleges the following facts:</u>

Sometime in April 2014, American Family's insured, Daniel Koeck, purchased a Case IH AF8230 combine, from Titan's dealership in Highmore, South Dakota. On or about July 27, 2016, significant repairs, including replacement of a fuel line, were performed on the Combine by Titan. On or about July 28, 2018, the Combine caught fire, due to a fuel line failure, while being operated in a field in or near Miller, South Dakota. The fire caused $310,477.23 in damage to the Combine, the Header, as well as other personal property. At the time of the fire, Daniel Koeck had insurance on the Combine through American Family. Pursuant to the terms of the policy, American Family paid Koeck $310,477.23 for the damage to the Combine, the Header, as well as other personal property and Koeck incurred a deductible in the amount of $5,000.00. American Family alleges that Titan was negligent in its repair of the Combine directly resulting in the total loss fire.

<u>Claims</u>

American Family brings negligence and breach of contract claims for a particular purpose against Titan.

<u>Defenses</u>

Titan denies it was negligent or breached any contract or warranty and asserts affirmative defenses of contributory negligence and assumption of the risks. Titan is seeking recovery of its costs and disbursements.

    5.    Jurisdiction is based on diversity jurisdiction under 28 U.S.C. § 1332. Diversity is satisfied because American Family is a Wisconsin insurance company with its principal place of business in Wisconsin and Titan is a North Dakota foreign business corporation with its headquarters in North Dakota. The amount in controversy is satisfied because American Family is seeking over $75,000 in its subrogation claim.

    6.    The material issues to be resolved are whether Titan negligently repaired the Combine and whether said negligence constitutes a breach of contract/warranty for the work performed, as well as the nature and extent of damage, if any, and Titan's affirmative defenses.

**C.** **Pleadings**

    7.    Plaintiff filed its Complaint on April 30, 2018 and Titan filed its Answer on June 4, 2018.

    8.    Motions to amend the pleadings or add a party, if any, will be filed by November 1, 2018**.**

9. A jury trial is available and Plaintiff requested a jury trial in its Complaint.

**D.     Initial Discovery Plan**

10. Parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before July 30, 2018**.**

**E.     Discovery Plan**

11. The Parties do not anticipate the discovery of electronic information, and the parties anticipate exchanging hard copies of discovery materials. In the event that there is electronic information available, the parties agree to exchange the information in a PDF and/or on a flash jump drive.

    In the event there is disclosure or discovery of electronic information, the parties agree to make reasonable efforts to provide such information to each other, in narrative form if and when the need arises, with the opposing parties likewise reserving their right to object to any such request. The parties anticipate bearing their own costs of consultation with their respective forensic ESI experts. The parties agree to make all reasonable efforts to solve any disputes that may arise among the parties in regard to the scope of discovery or disclosure, or the costs of the same. Parties will attempt to address these issues, to the extent that any arise, without the Court's intervention.

12. Each party is permitted to issue up to 50 interrogatories to each party, including all discrete subparts; unlimited requests for production; and unlimited requests for admissions.

13. Each party is permitted to conduct up to 5 fact witness depositions.

14. A witness, including expert witnesses, may be deposed one time pursuant to the Rules of Federal Procedure. Each deposition shall be limited to seven hours, exclusive of breaks, or as otherwise provided by the FRCP.

15. All discovery shall be completed by May 1, 2019. All discovery must be served in sufficient time to provide the responding party with the necessary response time so that responses are due on or before May 1, 2019**.**

16. Each part anticipates up to 3 expert witnesses. The parties anticipate each side may have 1 mechanical engineering expert, 1 cause and origin expert, and possibly 1 damages expert.

17. Plaintiff shall disclose the name, address, and vita of all expert witnesses, and shall serve the report required by Fed. R. Civ. P. 26(a)(2)(B) on or before January 1, 2019**.**

>Defendant shall disclose the name, address, and vita of all expert witnesses, and shall serve the report required by Fed. R. Civ. P. 26(a)(2)(B) on or before **March 1, 2019**.
>
>Plaintiff shall disclose the name, address, and vita of all rebuttal expert witnesses, and shall serve the report required by Fed. R. Civ. P. 26(a)(2)(B) on or before **April 1, 2019**.

18. It is anticipated that each party will be taking expert depositions.

19. Each party is permitted to take the deposition of each expert identified in Paragraph 16. For discovery depositions, the party requesting the deposition is required to pay for the expert's fees for attendance at the deposition, but the party on whose behalf the expert is testifying will be responsible for the expert's fees incurred in preparation for the deposition. For trial depositions, the party requesting the deposition is required to pay the all of the expert's fees, including those incurred in preparation of the deposition.

20. Parties agree that discovery responses must be supplemented (pursuant to Rule 26(e)) as soon as possible and no later than thirty (30) days before trial unless good cause exists.

## F. Dispositive Motions and Trial

21. Dispositive motions are expected and shall be filed by **June 3, 2019**.

22. It is anticipated that the trial on this matter will last approximately 4-5 days.

23. The parties DO NOT consent to assignment of the case to a United States Magistrate Judge.

## G. Settlement

The parties have briefly discussed settlement and will attempt to determine whether they can amicably resolve the case early in the litigation. The parties are not seeking a settlement conference at this time, but will advise the Court in the event the parties desire a settlement conference with a magistrate judge.

24. On June 27, 2018, Plaintiff issued a settlement demand to Titan and on July 2, 2018 Titan responded to the demand. No settlement has been reached at this time.

25. No other matters at this time.

| | |
|---|---|
| Dated: July 11, 2018 | /s/ Steven L. Theesfeld |
| | Steven L. Theesfeld #4255 |
| | David J. Taylor *Pro Hac Vice* |
| | Michelle D. Hurley *Pro Hac Vice* |
| | YOST & BAILL, LLP |
| | 2050 U.S. Bank Plaza South |
| | 220 South Sixth Street |
| | Minneapolis, MN 55402 |
| | 612.338.6000 – telephone |
| | 612.344.1689 – facsimile |
| | stheesfeld@yostbaill.com |
| | dtaylor@yostbaill.com |
| | mhurley@yostbaill.com |

*ATTORNEYS FOR PLAINTIFF*

| | |
|---|---|
| Dated: | |
| | Daniel E. Ashmore |
| | Matthew E. Naasz |
| | GUNDERSON, PALMER, NELSON & ASHMORE, LLP |
| | 506 Sixth Street |
| | PO Box 8045 |
| | Rapid City, SD 57709-8045 |
| | 605.342.1078 – telephone |
| | 605.342.0480 – facsimile |
| | dashmore@gpnalaw.com |
| | mnaasz@gpna.com |

*ATTORNEYS FOR DEFENDANT*

Dated:_____

                                                Steven L. Theesfeld #4255
David J. Taylor *Pro Hac Vice*
Michelle D. Hurley *Pro Hac Vice*
YOST & BAILL, LLP
2050 U.S. Bank Plaza South
220 South Sixth Street
Minneapolis, MN 55402
612.338.6000 – telephone
612.344.1689 – facsimile
stheesfeld@yostbaill.com
dtaylor@yostbaill.com
mhurley@yostbaill.com

*ATTORNEYS FOR PLAINTIFF*

Dated: 7/12/18

                                                Daniel E. Ashmore
Matthew E. Naasz
GUNDERSON, PALMER, NELSON & ASHMORE, LLP
506 Sixth Street
PO Box 8045
Rapid City, SD 57709-8045
605.342.1078 – telephone
605.342.0480 – facsimile
dashmore@gpnalaw.com
mnaasz@gpna.com

*ATTORNEYS FOR DEFENDANT*

5